UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALLEN DUPREE GARRETT,**<br><br>    Plaintiff,<br><br>    v.<br><br>**PHIL MURPHY, et al.,**<br><br>    Defendants. | No. 20-cv-5235 (NLH)(JS)<br><br><br>OPINION |

APPEARANCE:

Allen Dupree Garrett
4366289
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Allen Dupree Garrett, presently incarcerated in the Camden County Correctional Facility ("CCCF") in Camden, New Jersey, seeks to bring a complaint pursuant to 42 U.S.C. § 1983, against New Jersey Governor Phil Murphy and CCCF Captain Rebecca Franceschini for claims related to the coronavirus. See ECF No. 1. He also argues the state courts have violated his speedy trial rights. Id.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint without prejudice. Plaintiff will be granted leave to amend.

I. BACKGROUND

Plaintiff is a pretrial detainee in the CCCF. He asks for immediate release from custody and $100,000,000 in damages. ECF No. 1 at 6.

Plaintiff appears to allege that he is being confined under unconstitutional conditions due to the covid-19 pandemic: "county jails were not designed with pandemics in mind. New Jersey jails are constructed to handle more persons whether they be detainees or inmates." Id. at 5. He alleges "Irreparable harm – harm is imminent and probable Anderson 125 F.3d at 164, The virus that causes Covid-19 is the severe acute respiratory syndrome coronavirus 2 also known as Sars-cov-2 and the covid-19 virus." Id. at 6. "Covid-19 can be drastically more severe in older individuals (Age 45 [date of birth]) (sickened Feb-March 2020 in CCCF,) including persons with asthma, lung disease, heart disease, diabetics, chronic kidney disease, liver disease, or those whom are [immunocompromised]." Id.

Plaintiff also seems to allege that his speedy trial rights have been violated. Id. at 8. He states that the "[t]rial

2

court erred in stacking 'excludable time periods' by disregarding pretrial motions . . . ." Id. (citing State v. Williams, 222 A.3d 1108 (N.J. Super. Ct. App. Div. 2019)).

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

3

Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

    A.   Coronavirus Conditions of Confinement Claims

Plaintiff asks for release from custody and monetary damages based on allegedly unconstitutional conditions of pretrial confinement and denial of medical care.

Plaintiff has not stated a claim against Governor Murphy or Captain Franceschini.  For Governor Murphy, Plaintiff writes: "Negligence – (Closed Courts) Bell v. Wolfish 99 SCT 1861 Fifth Amendment violation = Statewide emergency – The executive power; The Governor is vested by under 1953 N.J. Laws 438-34 with broad powers to cope with an Emergency and 'equally', to avoid or protect against any emergency."  ECF No. 1 at 4.  As to Captain Franceschini, Plaintiff writes: "Eighth Amendment violation Natale v. Camden City Corr. Facility, 318 F.3d 575, 58[] In Farmer v. Brennan, 114 S.Ct 1970 the Officials knows of and disregard an excessive risk to inmate health and safety."  Id.

Because Plaintiff is a pretrial detainee, the Fourteenth Amendment's Due Process Clause governs his claims as opposed to

4

the Eighth Amendment, which applies to convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005) ("Hubbard I"); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003).

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee." Bell, 441 U.S. at 535. This is a fact-sensitive, totality of the circumstances analysis. See Hubbard v. Taylor, 538 F.3d 229, 233 (3d Cir. 2008) ("Hubbard II") (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them").

The present complaint does not allege enough facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The complaint is a string of non-sequiturs and case citations, and there are no facts to support any claim against Defendants for due process violations. Plaintiff states various facts about the coronavirus in general, but he provides little

5

in the way of specific facts about his circumstances other than he is 45 years old and was sick in February.[2] Later submissions indicate he received medication from the jail, and there is nothing to suggest jail officials denied him adequate medical care. ECF No. 9. More is needed to demonstrate that the conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. See Hubbard II, 538 F.3d at 233.

The Court will dismiss the claim without prejudice but will grant leave to amend this claim as Plaintiff may be able to provide enough facts to state due process claims. He must provide the Court with specific facts that support his allegations that Defendants have violated his due process rights. Plaintiff should note that in order to state a claim against Governor Murphy as a policymaker, he must allege facts supporting a reasonable inference that Governor Murphy is "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom" that violates Plaintiff's due process rights. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Plaintiff must identify the relevant

---

[2] Plaintiff states he "contracted illness of virus like symptoms" but does not allege he in fact had or was diagnosed with covid-19. ECF No. 9 at 4.

6

policy and establish a connection between the policy and the alleged constitutional violation.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.  The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

B. Speedy Trial Act

Plaintiff also appears to allege violations of his speedy trial rights under the Sixth Amendment.  These claims cannot proceed in a § 1983 action.

The Supreme Court "has held dismissal of the indictment to be the proper remedy when the Sixth Amendment right to a speedy trial has been violated . . . ."  United States v. MacDonald, 435 U.S. 850, 861 n.7 (1978); see also Strunk v. United States, 412 U.S. 434 (1973); Barker v. Wingo, 407 U.S. 514, 522 (1972)

7

("The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. . . . Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy." (footnote omitted)).

The Court cannot grant this relief in a § 1983 proceeding. Plaintiff's remedy lies in a habeas corpus action after exhausting his state court remedies. See Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975). Because this claim cannot be brought in a § 1983 claim, it is dismissed with prejudice.[3]

IV. CONCLUSION

For the reasons stated above, Plaintiff's Fourteenth Amendment claims are dismissed without prejudice. His Sixth Amendment claims are dismissed with prejudice. Plaintiff may move to amend his Fourteenth Amendment claims within 45 days of this Opinion and Order.

An appropriate order follows.

Dated: __May 14, 2020_____          ___s/ Noel L. Hillman_____
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[3] This dismissal is without prejudice to Plaintiff's ability to raise his speedy trial claims in a habeas corpus action. The Court expresses no opinion on whether Plaintiff can otherwise satisfy the requirements for habeas corpus relief.